UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                        :        Chapter 11
                                              :
THE CARLISLE APARTMENTS, L.P.,                :        Case No. 10-16805 (SMB)
                                              :
                      Debtor.                 :
---------------------------------------------------------x

**ORDER ESTABLISHING PROCEDURES
FOR INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES OF PROFESSIONALS PURSUANT TO 11 U.S.C. §§ 105(a) AND 331**

Upon the motion (the "Motion") dated January 14, 2011, of The Carlisle Apartments, L.P. ("Debtor"), for entry of an order, pursuant to sections 105(a) and 331 of the Bankruptcy Code, establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by Professionals; and upon consideration of the Motion and all pleadings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of Debtor, its estate and creditors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Motion is GRANTED in all respects; and it is further   **SMB 1/31/11**

**ORDERED**, that except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these cases may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

(a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking interim allowance of its

fees and expenses may serve a monthly statement (the "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month (the "Compensation Period") and serve a copy of such Monthly Fee Statement on each of the following parties (the "Notice Parties") by hand or overnight delivery: (i) The Carlisle Apartments, L.P. c/o Carlisle GP, Inc., 114 W. 47th St., 23rd Floor, New York, NY 10036-1508; Attn: Michael S. Fruchtman (mfruchtm@recap.com); (ii) counsel for Debtor, Squire, Sanders & Dempsey (US) LLP, 30 Rockefeller Plaza, New York, New York 10112, Attn: Sandra E. Mayerson (sandra.mayerson@ssd.com); (iii) the Office of the United States Trustee, 33 Whitehall St., New York, NY 10004, Attn: Richard C. Morrissey; (iv) counsel to any official committee appointed in this Case; and (v) all parties requesting notice under Rule 2002 (together, the "Notice Parties");

(b) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each professional seeking compensation under this Order shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The procedures are not intended to alter the fee application requirements outlined in sections 330 ad 331 of the Bankruptcy Code, and the Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules;

(c) Each Monthly Fee Statement must contain a list of the individuals – and their respective titles (e.g., attorney, accountant, or paralegal) – who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d) If any party in interest has an objection to the compensation or reimbursement sought in a particular statement, he or she will, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, file with the Court and serve upon the Professional whose Monthly Fee Statement is objected to, and the Notice Parties, a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e) At the expiration of the thirty-five (35) day period, Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses

identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d);

(f) If Debtor receives a Notice of Objection to Fee Statement, it shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and hearing, directing payment to be made;

(g) If the parties to an objection are able to resolve their dispute following the filing of a Notice Of Objection To Fee Statement, and if the Professional whose Monthly Fee Statement was objected to files (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

(h) All objections that are not resolved by the parties or Court order shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court;

(i) The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code;

(j) Approximately every 120 days, but no more than every 150 days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

(k) Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when due shall (i) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals;

(n) In the event an official committee(s) is appointed, counsel for such committee(s) may, in accordance with the foregoing procedure for monthly compensation and reimbursement of professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with the Court's Administrative Orders dated June 24, 1991 and April 21, 1995; and

(o) Notwithstanding anything herein to the contrary, the first Monthly Fee Statement shall not be due until February 15, 2011, and will cover the period from the Petition Date through and including January 31, 2011;

and it is further

**ORDERED,** that the amount of fees and disbursements sought be set out in U.S. dollars (if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application); and it is further

**ORDERED,** that Debtor shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the professionals; and it is further

**ORDERED,** that any party may object to requests for payments made pursuant to this Order on the grounds that Debtor has not timely filed monthly operating reports, remained current with its administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

**ORDERED,** that all time periods set forth in this Order shall be calculated in accordance

with Federal Rule of Bankruptcy Procedure 9006(a); and it is further

**ORDERED,** that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; provided, however, that Debtor must serve a copy of this Order on all entities specified in paragraph (a) hereof.

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 31, 2011
      New York, New York

      /s/   STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE