UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                          :       Chapter 11
                                                :
The Carlisle Apartments, L.P.,                  :       Case No. 10-16805 (SMB)
                                                :
                Debtor.                         :
---------------------------------------------------------x

### ORDER (I) APPROVING SETTLEMENT UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(A), AND (II) AUTHORIZING THE DEBTOR TO OBTAIN FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362 AND 364 TO CONSUMMATE SETTLEMENT

Upon the motion (the "Motion") of the above-captioned Debtor and Debtor-in-Possession ("Debtor"), for an order an order: (i) approving the terms of a settlement (the "Settlement"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by and among the following parties (individually, a "Party" and collectively, the "Parties"): Debtor, RECAP Investments XI - Fund A, L.P. ("RECAP A"), and RECAP Investments XI – Fund B, L.P. ("RECAP B" and, together with RECAP A, "RECAP"), on the one hand, and Compass Bank (the "Bank"), on the other hand; and (ii) authorizing the Debtor to (a) obtain $28,500,000 in post-petition financing from NXT Capital ("NXT") in order to consummate the Settlement, (b) execute and deliver the credit agreement and related loan documents (the "Loan Documents"), (c) grant to NXT a first priority deed of trust on the Debtor's property known as Phillips University Center, a 372-unit, garden style apartment complex in Charlotte, North Carolina (the "Property"), (d) authorizing the consensual use of cash collateral, and (e) modifying the automatic stay imposed by section 11 U.S.C. § 362 to the extent necessary to implement and effectuate the terms of the Loan Documents, the terms of which are set forth in the Terms of Understanding[1];

---

[1] All capitalized terms utilized but not defined herein shall have the meaning given them in the Motion.

COLUMBUS/793784.4

**THE COURT HEREBY FINDS THAT:**[2]

A.  *Commencement of the Case*. On December 27, 2010 (the "Petition Date"), the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for relief, and commenced a proceeding under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Debtor has continued in the possession of its assets and in the management of its business pursuant to sections 1107 and 1108 of the Bankruptcy Code.

B.  *Jurisdiction; Statutory Predicates; Venue*. The Bankruptcy Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over the Case, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105(a), 362 and 364 of title 11 of the Bankruptcy Code, Rules 4001 and 9019(a) of the Bankruptcy Rules, and Rule 4001-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). The Court has entered an order that venue is appropriate in this District.

C.  *Good Cause; Arms' Length; Good Faith*. Good and sufficient cause has been shown for the entry of this Order. Among other things, the entry of this Order will allow the Debtors to resolve significant issues with the Bank through the Settlement, and obtain new financing on a go-forward basis. Further, the Financing has been negotiated in good faith and at arms' length among the Debtor and NXT, and all of the Debtor's obligations arising in connection with the Financing and under the Loan Documents have been extended in good faith as that term is used in 11 U.S.C. § 364(e) and in express reliance upon the protections offered by

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

11 U.S.C. § 364(e). The relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors.

D. *Notice*. Good and sufficient notice of the Motion and the hearing thereon (the "Hearing") has been given in accordance with Bankruptcy Rules 4001 and the Local Rules as required by section 364 of the Bankruptcy Code in light of the nature of the relief requested in the Motion, and no further notice is necessary under the circumstances.

NOW THEREFORE, based upon the Motion of the Debtor, and the record before the Bankruptcy Court with respect to the Motion made by the Debtor at the Hearing; and it appearing that such relief is fair and reasonable and in the best interests of the Debtor, its creditors and its estate; and all objections, if any, to the entry of this Order having been withdrawn, resolved or overruled by this Court; and after due deliberation and consideration, and for good cause appearing therefor,

IT IS ORDERED that:

1. The relief requested in the Motion is **GRANTED** to the extent set forth herein.[3]

2. The Settlement, and the specific terms and provisions provided for in the Terms of Understanding and in the Motion, are hereby approved, pursuant to Bankruptcy Rule 9019 and any other applicable bankruptcy and local rules.

3. This Order and the Terms of Understanding are binding upon the Parties and any party acting by, through or on behalf of Debtor's estate.

4. The Bank's obligation to consummate the Transaction is contingent upon, *inter alia*, (a) the Transaction being consummated no later than forty-five (45) days from June 13,

---

[3] A separate order is being entered with respect to the financing requested in the Motion. Although the Motion is hereby granted in its entirety, the remainder of this order will deal with the non-financing portions, and the financing will be dealt with in a separate order.

2011 (the date that the Motion was filed), except as such period may be extended as set forth in the Motion, (b) the Deposit being provided by RECAP, and (c) the Debtor paying a pre-petition swap obligation owed to the Bank at closing in the amount of $26,382.06.

5. At the closing of the Transaction, the Debtor and RECAP, on the one hand, and the Bank, on the other hand, will exchange mutual releases releasing one another from any and all liabilities in respect of the Debtor, including a release of the guarantee obligations of RECAP, and said releases are hereby authorized and directed.

6. *Deposit; Consummation of Transaction*.

(i) If the Transaction is consummated by the Outside Date, the Deposit, which has been made by RECAP in the amount of $2 million, and any interest earned thereon shall be applied to the Transaction Price;

(ii) If the Transaction is not consummated on or before the Outside Date, then on the day following the Outside Date, and *provided that* the Bank did not default on its obligation to consummate the Transaction, the Bank shall apply the Deposit and any interest earned thereon to reduce the principal outstanding under the Note, and the Debtor's interest payments will be reduced accordingly;

(iii) If the Transaction is not consummated, but the Plan is confirmed within seventy-five (75) days of the filing of the Plan, then the Deposit and any interest earned thereon will be applied against the cash pay-down to the Bank required under the Plan; and

(iv) Notwithstanding the above, if neither the Transaction nor the Plan is consummated, then the Bank may apply the Deposit and any interest earned thereon in accordance with the documents governing the Obligations and applicable law; *provided, however*, that the Bank must promptly give RECAP an accounting of how the Deposit is being applied.

7. Within one week from the forty-sixth (46th) day following June 13, 2011 (the date the Motion was filed), if the Transaction has not been consummated, the Debtor shall file the Plan, which will contain the provisions set forth in Exhibit A to the Motion, and the Bank shall support confirmation of the Plan for a period of seventy-five (75) days from the date of the filing of the Plan, but thereafter shall have no obligation to do so. From the date of the filing of the Plan, and without regard to the status of the Transaction, the Debtor shall pursue confirmation of the Plan in good faith. If the Transaction is consummated prior to the date set for a hearing on confirmation of the Plan, then the Debtor may withdraw or amend the Plan.

8. If the Transaction has not been consummated by the Outside Date, and *provided*, that the Debtor has filed the Plan in accordance with the terms of the Settlement, then at the sole option of the Bank, the Outside Date shall be extended for two (2) weeks (but not later than fifty-nine days from June 13, 2011), *provided that* RECAP shall provide to the Bank the Additional Deposit, which shall be treated by the Bank in the same manner as the Deposit. Thereafter, the Bank, at its sole option, and upon the request of the Debtor, may grant additional one week extensions of the Outside Date, and for each extension granted, the Transaction Price shall increase by one hundred thousand dollars ($100,000).

9. Upon either the termination of the Obligations or the consummation of the Plan, the Debtor shall be permitted to account for the Deposit as an equity contribution by RECAP. Until such time, the Deposit will remain the property of RECAP, subject to the Deposit Agreement with the Bank.

10. If, and only if, the Transaction is consummated, the Debtor and/or RECAP shall reimburse the Bank for its reasonable expenses, including attorney fees, related solely to the Transaction, up to a maximum amount of seventy-five thousand ($75,000) dollars (the

"Expenses"). The Expenses shall be paid at the closing of the Transaction, upon receipt of appropriate documentation, or such later date as documentation is received.

11. At the Closing of the Transaction, Bank will execute and deliver to Debtor a full release and satisfaction of all obligations whatsoever of Debtor and RECAP to Bank. Bank and Debtor are both directed to cooperate and execute all documents reasonably necessary, in recordable form, to (i) release Bank's security instrument (and all other recorded instruments) on Debtor's real property; (ii) terminate any UCCs filed by Debtor in favor of the Bank; (iii) extinguish all swap obligations of Debtor to Bank, and (iv) otherwise extinguish all Obligations of Debtor and RECAP in favor of Bank.

12. This Court shall retain jurisdiction over all matters or controversies arising pursuant to this Order.

Dated: New York, New York July 7, 2011

/s/ Stuart M. Bernstein
UNITED STATES BANKRUPTCY JUDGE